NOT FOR PUBLICATION

FILED

JUL 24 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-35504 |
| Plaintiff - Appellee, | D.C. Nos.   6:11-cv-70004-HO <br> 6:07-cr-60015-HO |
| v. | |
| THOMAS WESLEY BOREN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted July 8, 2013[**]
Portland, Oregon

Before: PREGERSON, MURGUIA, and CHRISTEN, Circuit Judges.

Thomas Boren appeals the district court's denial of his 28 U.S.C. § 2255

motion to vacate, set aside, or correct his 120-month sentence. Boren contends that

his counsel was ineffective during plea bargaining. *See Lafler v. Cooper*, 132 S.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ct. 1376, 1384 (2012). We review denial of a 28 U.S.C. § 2255 motion and the effectiveness of counsel de novo. *United States v. Manzo*, 675 F.3d 1204, 1209 (9th Cir. 2012).

To demonstrate ineffective assistance of counsel, Boren must show: (1) counsel's representation fell below an objective standard of reasonableness; and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). The two-part *Strickland* test applies to claims of ineffective assistance of counsel during plea-bargaining. *Lafler*, 132 S. Ct. at 1384.

Counsel's advice that Boren reject the April 2006 offer was not unreasonable because counsel had not had an opportunity to inspect the hard drive on Boren's computer and it was possible that there were fewer images on the hard drive than the government alleged. Moreover, the record indicates that counsel could not have realistically accessed the hard drive during the narrow window the April 2006 offer was subject to acceptance. Counsel's affidavit clearly sets forth that he was aware of both the distribution component of the case and the specific distribution enhancement pursuant to United States Sentencing Guidelines § 2G2.2(b)(3)(B).

Counsel's theory that a defendant does not "possess" images that were deleted before the date of the alleged possession finds support in subsequent case

law.  *See United States v. Flyer*, 633 F.3d 911, 919–920 (9th Cir. 2011).  It was therefore not unreasonable for counsel to advance that theory.  Nor was it unreasonable for counsel to challenge enhancements for material portraying sadistic or masochistic conduct, U.S. Sentencing Guidelines Manual § 2G2.2(b)(4), or distribution, *id.* § 2G2.2(b)(3)(B), despite the evidence that supported those enhancements.

Even if counsel's performance had fallen below an objective standard of reasonableness, Boren is unable to demonstrate that the government would not have withdrawn the offer or that the court would have accepted it.  *See Lafler*, 132 S. Ct. at 1385.  "A plea agreement that has not been entered *and accepted by the trial court does not bind the parties*."  *United States v. Fagan*, 996 F.2d 1009, 1013 (9th Cir. 1993) (emphasis added).  Later correspondence from the government indicated that the government "overlooked" the distribution enhancement when it presented the April 2006 offer.

Because the April 2006 offer contemplated that Boren's guilty plea would be entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government's recommended sentence would not have been binding on the district court.  In light of the strong evidence that the distribution enhancement applied, and the pre-sentence report's discussion and recommendation that the enhancement

3

be applied, Boren cannot show that the district court would have accepted the April 2006 proposed agreement.

Boren's argument that he was prejudiced by the government's presentation at sentencing does not bear on the effectiveness of counsel during plea bargaining, which was the only issue certified for appeal.

**AFFIRMED.**